UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-323-KKC

HAROLD DAVID COWDEN and
ROBERT JASON BIDDLE, each individually
and on behalf of themselves and those similarly
situated                                                                                                    PLAINTIFFS,

v.                                          **OPINION AND ORDER**

PARKER & ASSOCIATES, INC. and
DALVIN KENDALL PARKER,                                                                  DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Recuse [R. 11] filed by Plaintiffs Harold David Cowden and Robert Jason Biddle ("Plaintiffs"). Plaintiffs have brought this motion pursuant to 28 U.S.C. § 455(a) alleging an "appearance of impropriety" based on the undersigned's disclosure that her spouse, Lloyd Cress ("Mr. Cress") is employed as a non-equity member of Greenebaum, Doll & McDonald ("Greenebaum"), co-counsel for Defendants Parker & Associates, Inc. and Dalvin Kendall Parker. For the reasons set forth below, Plaintiff's motion will be denied.

**I.      DISCUSSION**

Motions for recusal are committed to the discretion of the district court deciding the motion. *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). In addition, it is appropriate for the challenged judge to rule on the motion for recusal. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b)(1) states that disqualification is also required where there is actual bias as

opposed to merely an appearance of impropriety.[1]  28 U.S.C. § 455(b).  In the instant case, Plaintiffs' motion to recuse is based only on section 455(a).  For this reason, and because there is no evidence of actual bias, the Court will only address section 455(a) in this opinion.

The Sixth Circuit has explained that section 455(a) requires a judge to recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality."  *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861-63, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988); *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)("quite simply and quite universally, recusal...[is] required whenever impartiality might reasonably be questioned.").  Thus, in a case where the question of partiality is a close one, a judge should err on the side of recusal.  *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).  That being said, a judge has an equally strong duty to sit where recusal is not required.  *Laird v. Tatum*, 409 U.S. 824, 837, 93 S. Ct. 7, 34 L. Ed. 2d 50 (1972).

Plaintiffs do "not question the fairness or integrity of Judge Caldwell," but allege that "the circumstances of her spouse being affiliated with defense counsel inevitably raises the 'appearance of impropriety.'"  As a result, the present inquiry requires this Court to consider whether a reasonable and objective person knowing all of the circumstances of the present case would question the

---

[1] Actual bias may exist where the judge (1) has a person bias or prejudice concerning a party or has personal knowledge of disputed evidentiary facts, (2) while in private practice, served as a lawyer in the matter in controversy, "or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it," (3) while in government employment participated in the proceeding or expressed an opinion about the merits of the case in controversy, (4) knows that she, individually or as a fiduciary, or her spouse or child residing in her home has a financial interest in the subject matter of the controversy or in a party to the proceeding or another interest that could be substantially affected by the outcome of the proceeding, and (5) her spouse or a person in the third degree of relationship to either of them, or the spouse of such a person is a party to the proceeding, acting as a lawyer in the proceeding, has an interest that could be substantially affected by the proceeding, or is likely to be a material witness in the proceeding.  28 U.S.C. § 455(b)(1)-(5).

undersigned's impartiality so that recusal is required. *Hughes*, 899 F.2d at 1501. The Court agrees with Plaintiffs that the proper test under section 455(a) is not the reality of bias or prejudice but its appearance. *See Microsoft Corp. v. United States,* 530 U.S. 1301, 1302, 121 S. Ct. 25, 147 L. Ed. 2d 1048 (2000); *Liteky v. United States*, 510 U.S. at 548. However, the Court does not believe that this case presents an appearance of impropriety requiring recusal.

In this case, the undersigned made a disclosure to all parties involved in this litigation that her spouse, Mr. Cress, is employed as a non-equity member of Greenebaum. This disclosure was made shortly after this action was removed to federal court. Once Plaintiffs' motion to recuse was filed, the Court entered an Order requiring Greenebaum to disclose what interest if any Mr. Cress has in this litigation. In response to this Order, Greenebaum disclosed that Mr. Cress has not performed any work in connection with this matter. Furthermore, he is not expected to perform any work connected with this matter in the future. This matter is being handled by Greenebaum's litigation practice group and Mr. Cress does not work in that group or handle any litigation matters. Finally, the disclosure made clear that because Mr. Cress is not an equity member of Greenebaum, he has no financial interest in this matter's resolution because he receives a set salary and his compensation is not based on revenues paid to the firm.

The Court is of the opinion that a reasonable and objective person aware of these facts would not believe that an appearance of impropriety exists in this case. This is not to say that the Court is not sensitive to the concerns raised by Plaintiffs. Clearly, "the goal of section 455(a) is to avoid even the appearance of impartiality." *Liljeberg*, 486 U.S. at 860 (quoting *Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (5th Cir. 1983)). However, the requirement of recusal is limited by what a reasonable objective person with knowledge of all of the facts would believe. Simply, put, the Court is of the opinion that a reasonable objective person would not expect the undersigned to recuse herself every

time a matter involving Greenebaum comes before the Court. This result would be particularly problematic given the number of cases pending before this Court in which Greenebaum is counsel.

The Court's decision is also consistent with the Model Code of Judicial Conduct ("the Model Code"). Canon 1 of the Model Code of provides that "[a] judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." ABA Model Code of Judicial Conduct, Canon 1 (2007). This is because "[p]ublic confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety." Canon 1, Rule 1.2, Comment 1. However, the Model Code places similar limitations on the appearance of impropriety standard for recusal as the case law that has been discussed above. Accordingly, "[t]he test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." *Id.* at Comment 5. Here, neither the judge nor her spouse has an interest in the outcome of this litigation. Moreover, the law firm of Greenebaum, Doll & McDonald has agreed to ensure that Lloyd Cress has no knowledge of or involvement in the matter. Applying the test set forth in the Model Code, there is simply no indication that a reasonable observer would reasonably believe that an appearance of impropriety exists.

While our legal system strives and must continue striving for unwavering public confidence in an independent and unimpeachable judiciary, attainment of this goal must continue to be tempered by the bounds of reasonableness. *See Hughes*, 899 F.2d at 1501; *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). It is for this reason that the standard in considering recusal is an objective one not based on the subjective view of one party. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Plaintiffs have presented no case law from any court supporting their position

that recusal is required whenever a jurist's spouse is associated with a law firm appearing before them. This is not of course to say that recusal may not be appropriate where the jurist's spouse is participating in some way in the matter before them.. However, where as here, a judge's spouse is not involved in the matter before the Court, but is merely a non-equity member of the law firm before the Court, an appearance of impropriety does not exist in the mind of a reasonable objective person with knowledge of all of the relevant facts.

### III.   CONCLUSION

Having carefully considered Plaintiff's Motion to Recuse, the Court concludes that there is no basis for recusal.

Therefore, the Court being sufficiently advised, **IT IS ORDERED** that Plaintiffs' Motion to Recuse [R. 11] is hereby **DENIED.**

This 2nd day of December, 2009.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge