UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-CV-0323-KKC

HAROLD DAVID COWDEN et al.                                          PLAINTIFFS

v.                               **OPINION AND ORDER**

PARKER & ASSOCIATES, INC. et al.                                    DEFENDANTS

* * * * * * * * * * * *

This matter is before the Court on the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) by Defendants Dalvin Kendall Parker and Parker & Associates, Inc. ("Defendants"). Rec. 12, 13. Defendants ask the Court to transfer this case to the Southern District of Mississippi. Plaintiffs Harold David Cowden and Robert Jason Biddle ("Plaintiffs") have filed a response to the motion to which Defendants have replied.[1] Rec. 24, 27. For the reasons set forth below, the Court will deny Defendants' motion.

I.     **FACTUAL BACKGROUND**

Plaintiff Harold David Cowden ("Cowden") is a resident of Evansville, Indiana and conducts business transactions in Kentucky. Parker & Associates recruited him to act as its agent in selling MA Plans and he eventually became its Regional Director, responsible for recruiting and supervising other Parker & Associates agents. Plaintiff Robert Jason Biddle ("Biddle") is a resident of Georgetown, Kentucky and worked as an agent for Parker & Associates. Defendant Parker & Associates is a Mississippi corporation with its principal place of business in Meridian,

---

[1] Defendants have requested oral argument on the motion to transfer venue. Rec. 12, ¶ 4. However, because this motion has been comprehensively briefed and the parties' respective positions adequately presented, the Court finds that oral argument is unnecessary and will deny Defendants' request for a hearing.

Mississippi.  Defendant Dalvin Kendall Parker ("Ken Parker") is a shareholder and officer of Parker & Associates.

Plaintiffs have brought this action individually and on behalf of members of a putative class consisting of all persons entering into agreements with Defendants to act as agents in placing Medicare Advantage Plans, Parts C & D ("MA Plans") with eligible insureds in exchange for monetary commissions and renewal fees.  Plaintiffs assert that members of their putative class are located in Kentucky and throughout the United States and that Defendants began entering into agreements with class members in 2004.  Rec. 1, Attach. 2 State Court Record, ¶ 1.

MA plans were first offered in 2004 and are federally regulated by the Centers for Medicare and Medicaid Services ("CMS").  *Id.* at ¶ 2.  These plans are offered by private insurance companies and provide Medicare health coverage and often Medicare drug coverage.  *Id.*  Plaintiffs allege that Defendants concocted a scheme to induce class members to agree to place MA Plans with eligible insureds, thereby allowing continuous commissions to be sent to them from private insurance companies.  As brokers, Defendants allegedly received these commissions, intended for class members, from which they were required to pay class members annual and monthly renewal commissions.  *Id.* at ¶ 4.  However, they contend that Defendants intentionally withheld these commissions and renewal fees contrary to the representations made to them and other class members.  *Id.* at ¶ 5.  Plaintiffs also claim that Defendants assessed fraudulent "charge-back" fees, applied excessive mailing charges and imposed excessive "lead" costs to agent accounts of against commissions that were due and owing.  *Id.* at ¶ 6.

Plaintiffs filed a class action complaint in Scott Circuit Court on September 2, 2009

asserting numerous claims against Parker & Associates and seeking to hold Dalvin Parker personally liable. On October 2, 2009, this matter was removed to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a)(2)(A). Rec. 1. On November 6, 2009 Defendants filed the pending motion to transfer venue from the Eastern District of Kentucky to the Southern District of Mississippi.

## II. TRANSFERRING VENUE.

### A. Standard

Defendants ask the Court to transfer this matter to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] Deciding a motion to transfer venue requires an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84. S. Ct. 805, 11 L. Ed. 2d 945 (1964), and the Court has broad discretion in deciding whether or not to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Courts within the Sixth Circuit have identified nine factors which should be considered when ruling upon a motion to transfer venue under section 1404(a):

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

---

[2] Plaintiffs have not disputed that this action could have been brought in the Southern District of Mississippi.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006). The burden is generally placed on the party seeking transfer and a plaintiff's choice of forum is ordinarily entitled to considerable weight. *MSDG Mobile, LLC v. Am. Fed., Inc.*, 2006 U.S. Dist. LEXIS 7787, 2006 WL 515531, at *6 (W.D. Ky. Feb. 28, 2006). As a result, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)(citations omitted). Furthermore, a motion to transfer venue under section 1404(a) cannot be used simply to shift the inconvenience of litigation from the defendant to the plaintiff. *Copeland Corp. v. Choice Fabricators, Inc.*, 492 F. Supp. 2d 783, 789 (S.D. Ohio 2005).

**B. Discussion**

Defendants argue that Plaintiffs choice of forum is not entitled to significant deference because they have filed a class action complaint and there is little connection between this action and Kentucky. While the Court recognizes that some district courts have accorded plaintiffs' choice of forum less weight in the class action context, this does not mean that a plaintiff's choice of forum is entitled to no weight. In addition, where as here, no class has been certified and no motion for class certification is pending, it seems particularly unfair to give Plaintiffs' choice of forum no deference at all. In the event that Defendants successfully oppose class certification, Biddle and Cowden could then be forced to litigate this matter individually in Mississippi.

Defendants have also alleged that Plaintiffs' choice of forum is entitled to no deference because there is no connection between this action and Kentucky and all of the policies, procedures and decisions being challenged by the class allegations originated in Mississippi.

4

However, Plaintiffs have alleged that Defendants made promises to them in Kentucky that they would be paid commissions and renewals. Furthermore, Defendants motion acknowledges that around one percent of the MA Plans transactions at issue occurred in Kentucky. As a result, the Court finds that Plaintiffs' choice of forum weighs slightly against a transfer to the Eastern District of Mississippi.[3]

Defendants next argue that the location of material events favors transfer because the practices, procedures and decisions being challenged by the class allegations took place in Mississippi. Defendants also note that employees making decisions about the sales of MA Plans are located in Mississippi and that all relevant decisions including payments and charges to agent accounts occurred there. Plaintiffs have responded that Defendants recruited and trained agents to sell MA plans in locations other than Mississippi. Furthermore, they assert that Defendants promised payments of commissions and renewals all over the country. For example, Biddle was recruited in Lexington, Kentucky. Apparently, Parker & Associates representatives also frequently traveled to where agents were located and paperwork involved with securing insurance under the MA Plans was completed by agents - such as Biddle - where they were located and not in Mississippi. Finally, applications for MA Plans were kept at insurer's offices

---

[3] In their motion to dismiss, Defendants initially also argued that Plaintiffs' choice of forum was not entitled to significant deference because of the existence of a forum selection clause. However, Plaintiffs have disputed whether the clause applies to this action because it was signed in connection with the sale of Final Expense Plans which are a different insurance product than the MA Plans at issue in this action. Furthermore, they have pointed out that the Agreements to Work Leads were signed before Defendants even sold MA Plans. Defendants have responded that even if the Agreement to Work Leads clauses do not explicitly refer to MA Plans, they nonetheless express the parties' intentions regarding the terms upon which leads would generally be provided. Furthermore, Defendants assert that the clauses provide "important evidence of the parties' intent to resolve conflicts in Lauderdale County, Mississippi." In this case, because the applicability or binding nature of the Agreement to Work Leads is uncertain and disputed, the Court does not factor them into the analysis of the instant motion to transfer venue. *See Sylvester Material, Inc. v. John Carlo, Inc.*, 2005 U.S. Dist. LEXIS 9424 at *12, 2005 WL 1176054 (N.D. Ohio May 17, 2005)(indicating that where it was unclear whether a forum selection clause applied to the dispute, the presence of the clause did not favor transfer of the case).

and not in Mississippi. The Court recognizes that many key decisions including how commissions are accounted for and disbursed to agents were made by Parker & Associates in Mississippi. While, Parker & Associates apparently made representations to agents about commissions and renewals throughout the country including in Kentucky, the Court finds this factor to weigh slightly in favor of transfer.

In considering the convenience of witnesses, the Court finds that this factor does not favor transfer. Defendants argue that the majority of likely witnesses will be their management level employees. However, Parker & Associates can obtain their presence at trial or have them deposed pursuant to Fed. R. Civ. P. 32(a)(4)(B). Defendants have also argued that Plaintiffs will only have a nominal role in this action as class representatives. However, this assumes that a class will ultimately be certified. While the Court recognizes that Parker & Associates will incur some cost and may suffer some disruption to their business by transporting certain employees to Kentucky for trial, there is no indication that these employees would be required to be present for the entire trial. In addition, as noted above these employees can be deposed. Finally, to the extent that MA Plan insurers, such as Humana, become non-party witnesses, there is no indication that Mississippi would be a more convenient forum for them than Kentucky.

With regard to the location of documentary evidence, the Court finds this factor does not favor either Kentucky or Mississippi because technological advancements have facilitated the electronic storage and transmission of documents from one forum to another. *See, e.g.*, *Converting Alternatives Intern., L.L.C. v. B & D Speciality Servs. Inc.*, 2007 WL 851003 at *9 (E.D. Mich. 2007)("while the location of physical evidence such as the wreckage of a crashed plan ought to be given more weight...,the location of documentary evidence is a minor

6

consideration").

The convenience of the parties also does not favor transferring this action to Mississippi. Defendants have argued that Plaintiffs will only have a nominal role in this case because it is a putative class action. Defendants also claim they will be inconvenienced by the extended absence of key employees from corporate headquarters. However, as noted above if Defendants are concerned about the potential extended absence of employees from headquarters, they can have them deposed. Furthermore, while litigating this matter in Kentucky may be inconvenient to Defendants, litigating this matter in Mississippi is likely to be inconvenient for Biddle and Cowden. Finally, in the event that a class is certified, there is no indication that litigating this matter in Mississippi would be more convenient for potential class members or that a majority of potential class members reside there. Because a motion to transfer venue should not be used merely to shift the burden of litigation from one party to another, the Court finds that this factor does not favor either Mississippi or Kentucky. *Copeland Corp.*, 492 F. Supp. 2d at 789.

Finally, the Court has determined that the interests of justice do not favor transferring this action to Mississippi. Defendants have argued that there is no meaningful relationship between the Eastern District of Kentucky and this action. However, Kentucky has an interest in protecting the rights of its citizens working as agents for Parker & Associates. In addition, there is no indication that Mississippi is any better suited to adjudicate this dispute or to protect the interest of the named plaintiffs or potential class members.

As a result, considering all of the relevant factors, the Court finds that Defendants have failed to carry their burden of showing that the balance of these factors strongly favors transferring this matter to the Southern District of Mississippi. The Court will therefore decline

to transfer this case.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion to Transfer Venue (Rec. 12) pursuant to 28 U.S.C. § 1404(a) is **DENIED.**

Dated this 22nd day of February, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge