IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

Eastern District of Kentucky
FILED
JUN 2 4 2010
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

HAROLD DAVID COWDEN and
ROBERT JASON BIDDLE, each individually
and on behalf of themselves and
all those similarly situated,

Plaintiffs,

v.

PARKER & ASSOCIATES, INC. and
DALVIN KENDALL PARKER,

Defendants.

Case No. 5:09-CV-00323

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and for good cause, Defendants Parker & Associates ("Parker & Associates"), Inc., and Dalvin Kendall Parker, and Plaintiffs Harold David Cowden and Robert Jason Biddle (collectively, "the Parties"), by their undersigned counsel, hereby stipulate to the entry of the following protective order to preserve and maintain the confidential information and records the parties obtain during discovery or otherwise have in their possession, custody or control. Specifically, the Parties stipulate as follows:

1. Discovery requests in the above-captioned civil action (the "Action") will require production of documents and information that one or more Party regards as sensitive and nonpublic business information, financial information, personnel information, trade secrets, personal health information, and other confidential information.

2. The Parties hereto seek to preserve their privacy and property interests in such information and to protect the privacy interests of third parties.

3. The entry of this Order will promote the fair and expeditious resolution of the Action.

4. Good cause exists for the entry of this Order; and

5. The Parties and counsel will act in good faith in designating records pursuant to the protections provided by this Order.

WHEREFORE, the Parties agree and it is HEREBY ORDERED THAT:

1. The following words and terms are defined for purposes of this Order:

    A. "Party(ies)" means Plaintiffs Harold David Cowden and Robert Jason Biddle, Defendants Parker & Associates, Inc., and Dalvin Kendall Parker, and any other party that this Court may subsequently recognize as subject to this Protective Order, and their attorneys.

    B. "Non-Party(ies)" means any person or entity not a party to the Action who: (1) produces documents or other information in this Action; (2) provides testimony in response to a subpoena or other process in this Action; or (3) is a patient whose Protected Health Information (as that term is defined under Section 1.F. below) is disclosed as Confidential Material (as that term is defined under Section 1.G. below) in this Action.

    C. "Material" is defined as documents, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in the Action.

D. "HIPAA" is defined as the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26, and 42 U.S.C.

E. "Privacy Standards" is defined as the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 and 164.

F. "PHI" or "Protected Health Information" will have the same scope and meaning as set forth in 45 C.F.R. Sec. 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, any of which identify the individual or which reasonably could be expected to identify the individual.

G. "Confidential Material" is defined as Material containing sensitive non-public business information, financial information, personal financial information, personnel information, trade secrets, or other confidential or proprietary commercial, research, or development information.

2. Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as PHI and/or Confidential if and only if that Party or Non-Party believes in good faith that the Material satisfies the definition of PHI or Confidential Material as set forth in herein.

A. The Parties shall be familiar with HIPAA and the Privacy Standards and recognize that it may be necessary during the course of this Action to

3

produce, disclose, receive, obtain, subpoena, and/or transmit PHI of Non-Parties to or from other Parties and Non-Parties.

B. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. A Party or Non-Party producing Material that meets the definition of PHI and/or Confidential Material may designate such Material either by furnishing a written notice to the counsel for the Party or Parties receiving such information at the time of its production or as soon thereafter as practicable, specifically identifying the information as Confidential, or by stamping or marking the word "CONFIDENTIAL" and/or "PHI" on the Material prior to its production.

4. All information produced by the opposing Party or Non-Parties shall be treated as Confidential for ten (10) days after its production unless the information is otherwise designated prior to that time.

5. Material may be produced for inspection before being designated as "Confidential." Once specific Material has been designated for copying, any PHI and/or Confidential Material will then be marked with the appropriate legend before being delivered to the requesting Party. There will be no waiver of confidentiality by the inspection of PHI and/or Confidential Material before such Material is copied and designated pursuant to this procedure.

6. In the case of interrogatory answers or answers to requests to admit, designations shall be made by placing the word "Confidential" on the first page of any such answer and on the pages to be designated as such.

7. The parties may agree to redact PHI before producing documents to the other party.

8. If PHI and/or Confidential Material is to be discussed or disclosed during a deposition, the producing party or any party to this action shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed or disclosed, any person not authorized by this Order to receive the Confidential Information.

9. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains PHI and/or Confidential Material shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within thirty (30) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of PHI and/or Confidential Material is permitted herein, shall remain present while such Material is being used or discussed. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be deemed Confidential until the expiration of the aforementioned thirty business days.

10. Entry of this Order shall not act as, or be construed as, a waiver, abrogation or limitation of any kind on the right of any Party or Non-Party to object to the production of any information including, but not limited to, any objections available under the Federal Rules of Civil Procedure, the attorney-client privilege, the work product doctrine, or under any applicable privilege or other protection available under the law.

5

CH1 5294798v.3

11. Nothing in this Order relieves any party from complying with the requirements of any state or federal laws that protect PHI, including, but not limited to, 42 U.S.C. §§ 290aa-290ff; and 42 C.F.R. Part 2.

12. Production of any Material pursuant to this Order shall not act as, or be construed as, a determination, waiver, abrogation or limitation of any kind of any argument of any Party concerning the relevance of that Material.

13. PHI and/or Confidential Material shall be used only for purposes of preparing for and litigating the Action (including Appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

14. PHI and/or Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

   A. Counsel of record and any other counsel for the Parties in the Action, including members of their firms and associates, associate attorneys, paralegal, clerical and other regular employees of such counsel who are assisting in the conduct and/or management of the Action;

   B. The U.S. District Court for the Eastern District of Kentucky, the Sixth Circuit Court of Appeals, or any other court that has jurisdiction over the Action, court personnel, and court reporters of the aforementioned courts;

   C. The person whose PHI is disclosed, and the parent or guardian of any minor whose PHI is disclosed;

   D. The person or entity that is a source of the Material or that gave the testimony designated as Confidential;

CH1 5294798v.3

E. Current and former employees, officers, members, or directors of Parker & Associates who are assisting in the conduct of this Action;

F. Plaintiffs Harold David Cowden and Robert Jason Biddle, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

G. Deponents in this Action and their counsel for purposes of this Action;

H. Consultants, experts, and outside litigation support personnel retained by counsel for the Parties to the Action to assist the Parties in the preparation and/or litigation of the Action;

I. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation; and

J. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

15. All persons identified in Paragraph 14(E)-(K) must read this Order before they shall have access to PHI and/or Confidential Material. Except as to persons identified in Paragraph 14(A)-(F), above, all persons given access to PHI and/or Confidential Material shall agree in writing to abide by its terms by signing the Acknowledgement attached hereto. If PHI and/or Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound may be made on the record and under oath, rather than in writing.

7

16. No person to whom PHI and/or Confidential Material is disclosed may use that PHI or Confidential Material for purposes other than the conduct of the Action, and shall not disclose such Material to any other person.

17. If subsequent to being furnished any Material designated as Confidential a Party wishes to challenge another Party or Non-Party's designation, based on a good faith belief that the Material is not entitled to protection, the objecting Party shall give written notice thereof to the designating party who has made the claim of confidentiality, identifying the information or documents that the objecting Party contends are not properly designated, and allow a minimum of five (5) business days for the designating party to provide a written response. The objecting Party may thereafter, after a good faith attempt at consultation with the designating party, file a motion with this Court challenging the propriety of the designation, in which case the burden of proof to protect the information shall remain with the designating party. Material which is the subject of such a challenge shall be treated as Confidential at least until this Court rules on the motion challenging the designation.

18. To the extent any PHI or Confidential Material is hereafter quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix or other judicial filing, the Parties shall adhere to Local Rule 5.7, Joint General Order WD No. 04-01 and ED No. 04-01, and all other applicable local rules of the United States District Court for the Eastern District of Kentucky regarding the protection of privacy and the filing of sealed motions/documents.

8
CH1 5294798v.3

19. Within thirty (30) days after final termination of the Action (including any related proceedings in the U.S. District Court and Court of Appeals), either by final judgment, appeal (if any), settlement or otherwise, all persons and entities in possession of PHI and/or Confidential Material shall either destroy the Material and all copies thereof or return the Material and all copies thereof to the Designator, provided that the Parties may retain in their possession court filings and other pretrial and trial records as are regularly maintained by counsel in the ordinary course of business, but all Confidential Material in those records must be protected in conformity with this Order. Counsel shall certify that all Confidential Material and copies thereof have been handled in accordance with this paragraph.

20. This Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as "Confidential."

21. Nothing contained in this Order shall restrict or limit any Party's right to present Confidential Material to a court during a trial or other hearing in the Action, and the Parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct. The use of Confidential Material at trial shall be governed by the pretrial order.

22. If any court or governmental agency subpoenas or orders the production of any Material designated hereunder as "Confidential" the Party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material, notify

the Designator of such subpoena or order and provide a copy of the subpoena or order. No such Confidential Material shall be disclosed during the pendency of a motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to enforce this Order or to prevent disclosure of the Confidential Material.

23. Neither this Order, production or disclosure of Material under this Order, nor designation or failure to designate Material under this Order, shall constitute waiver of the right of the Designator to maintain the confidentiality of that Material in other contexts.

**IT IS THEREFORE ORDERED** that the subject motion for a protective order is granted.

_____
KAREN K. CALDWELL
U.S. DISTRICT COURT JUDGE

Stipulated and Agreed to:

| | |
|---|---|
| HAROLD DAVID COWDEN and ROBERT JASON BIDDLE, each individually and on behalf of all those similarly situated, | PARKER & ASSOCIATES and DALVIN KENDALL PARKER |

By: /s/ Brian M. Gudalis (with permission)
    Brian M. Gudalis
    GRASCH & GUDALIS, PSC
    302 West High Street
    Lexington, Kentucky 40507

By: /s/ Michael C. Andolina
    Michael C. Andolina
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, IL 60603

By: /s/ Anne A. Chesnut
    Anne A. Chesnut
    GREENEBAUM DOLL & McDONALD PLLC
    300 West Vine Street, Suite 1100
    Lexington, KY 40507

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| HAROLD DAVID COWDEN and<br>ROBERT JASON BIDDLE, each individually<br>and on behalf of themselves and<br>all those similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PARKER & ASSOCIATES, INC. and<br>DALVIN KENDALL PARKER,<br><br>      Defendants. | Case No. 5:09-CV-00323 |

## ACKNOWLEDGEMENT

I, _____, have read the foregoing Protective Order, understand the Order, and understand that I (1) am bound by its terms relating to the protection of PHI and Confidential Information; and (2) shall not disclose or otherwise use any PHI or Confidential Information for any purpose other than the above-captioned litigation.

I understand that I am subject to penalties, including citation for contempt and/or other sanctions of the Court if I violate my obligations under the Protective Order, and I consent to the above Court's jurisdiction for this purpose.

Signature: _____  Date: _____

CH1 5294798v.3